# CV-11 5389

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

" *Jury Trial Demanded* "

## CHARLES OKOLIE

**COMPLAINT**

FILED
RK'S OFFICE
COURT E.D N Y

NAME OF PLAINTIFF(S)    U S

★ NOV 03 2011 ★

**BIANCO, J.**

v.

ISAAC LAUFER

LONG ISLAND OFFICE

## MARQUIS CARE CENTER

**TOMLINSON, M**

NAME OF DEFENDANT(S)

       This action is brought for discrimination in employment pursuant to (check only those that apply):

☑      Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin).
**NOTE:** *In order to bring a suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

☐      Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 92-592 , the Civil Rights Act of 1991, Pub. L. No. 102-166).
**NOTE:** *In order to bring a suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*

☐      Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117 (amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325 and the Civil Rights Act of 1991, Pub. L. No. 102-166).
**NOTE:** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

-1-

Jurisdiction is specifically conferred upon this United States District Court by the aformentioned statutes, as well as 28 U.S.C. §§ 1331, 1343.  Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under New York law.

1.   Plaintiff resides at:

**253 OAK STREET**
_____
Street Address

**NASSAU**, **N.Y.**, **11710**, **516-679-2013**
_____
County      State      Zip Code      Telephone Number

2.   Defendant(s) resides at, or its business is located at:

**2 MEDICAL PLAZA**
_____
Street Address

**NASSAU**      **GLEN COVE**      **N.Y.**,      **11542**
_____
County      City      State      Zip Code

3.   The address at which I sought employment or was employed by the defendant(s) is:

**2 MEDICAL PLAZA**
_____
Street Address

**NASSAU**      **GLEN COVE**      **N.Y.**,      **11542**
_____
County      City      State      Zip Code

4.   The discriminatory conduct of which I complain in this action includes

(check only those that apply).

☐ Failure to hire.

☑ Termination of my employment.

☑ Failure to promote.

☐ Failure to accommodate my disability.

☐ Unequal terms and conditions of my employment.

☑ Retaliation      **HARASSMENT**

☑ Other acts (specify): _____.

*NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

5.  It is my best recollection that the alleged discriminatory acts occurred on:
    08/19/2009
    _____.
    Date(s)

6.  I believe that the defendant(s) (check one)

    ☐ is still committing these acts against me.

    ☑ is <u>not</u> still committing these acts against me.

7.  Defendant(s) discriminated against me based on my:
    (check only those that apply and state the basis for discrimination, for example, what is your religion, if religious discrimination is alleged)

    ☐ race _____   ☐ color _____

    ☐ gender/sex _____   ☐ religion _____

    ☐ national origin _____

    ☐ age _____   My date of birth is: _____
                                              Date

    ☐ disability _____

*NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

8.      The facts of my case are as follows:

# See Attachment

_____

_____

_____

_____

_____

_____

_____

_____

(Attach additional sheets as necessary)


**Note:**       As additional support for your claim, you may attach to this complaint a copy of
the charge filed with the Equal Employment Opportunity Commission, the New
York State Division of Human Rights, or the New York City Commission on
Human Rights.

9.      It is my best recollection that I filed a charge with the New York State Division of
Human
Rights or the New York City Commission on Human Rights regarding defendant's

alleged discriminatory conduct on: _____.
                                                        Date


10.     It is my best recollection that I filed a charge with the Equal Employment Opportunity

Commission regarding defendant's alleged discriminatory conduct on: **10/19/2009**
                                                                              Date


**Only litigants alleging age discrimination must answer Question #11.**

-4-

11.    Since filing my charge of age discrimination with the Equal Employment Opportunity

Commission regarding defendant's alleged discriminatory conduct (check one),

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

12.    The Equal Employment Opportunity Commission (check one):

☐    has not issued a Right to Sue letter.

☑    has issued a Right to Sue letter, which I
received on <u>08/08/2011</u>.
                                Date

**NOTE:**    Attach a copy of the Right to Sue Letter from the Equal Employment Opportunity
Commission to this complaint.

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate,
including injunctive orders, damages, costs, and attorney's fees.

_____
PLAINTIFF'S SIGNATURE

Dated: **11/03/2011**_____

253 OAK STREET, BELLMORE, N.Y. 11710
_____
Address
_____

**516-679-2013**
_____
Phone Number

-5-

Plaintiff Charles Okolie, complain and allege against Defendant as follows:

### NATURE OF CASE

1.      This is an action for injunctive and declaratory relief, and damages, due to the harassment, wrongful termination and retaliatory conduct of the Defendant (s) against the Plaintiff, because of the Plaintiffs protected right of complaint of workplace harassment lodged towards ownership and Administrative staff. The Defendant has violated the Plaintiff rights protected by the Title VII's anti-retaliation provision of the Fair Labor Standards Act, which prohibits retaliation based on opposition of allegedly unlawful practices. See, e.g., EEOC v.  Romeo Community Sch., 976 F.2d 985, 989-90 (6th Cir.1992); EEOC v. White & Son Enterprises, 881 F.2d 1006, 1011 (11th Cir.1989).  Contra Lambert v. Genessee Hospital, 10 F.3d 46, 55 (2d Cir.1993)

### PARTIES, JURISDICTION AND VENUE

2.      Plaintiff Charles Okolie ("Nurse") is an individual residing in Nassau County, New York and is an employee at Central Island Health Care.

3.      Defendant Isaac Laufer ("Owner") of Marquis Care Center a Nursing and Rehabilitation facility in Nassau County, New York instigated ordered and /or participated in the pattern and practice of retaliation against Plaintiff because of his protected activity.

4.      Defendant Jeffery Marcus ("DNS") Director of Nursing an employee of Marquis Care Center, Nassau County, New York instigated ordered and /or participated in the pattern and practice of retaliation against Plaintiff because of his protected activity.

5.      Defendant Jerome Enella ("Administrator") an employee of Marquis Care Center, Nassau County, New York instigated ordered and /or participated in the pattern and practice of retaliation against Plaintiff because of his protected activity.

6.      Defendant Lori Muriel ("Dietician") an employee for Marquis Care Center, Nassau County, New York who have instigated, ordered and /or participated in the pattern and practice of retaliation against Plaintiff because of his protected activity.

7.      Defendant Randi Glasgow ("Nurse") an employee for Marquis Care Center, Nassau County, New York who have instigated, ordered and /or participated in the pattern and practice of retaliation against Plaintiff because of his protected activity.

8.      Defendant Sandrine Etienne ("Social Worker") an employee for Marquis Care Center, Nassau County, New York who have instigated, ordered and /or participated in the pattern and practice of retaliation against Plaintiff because of his protected activity.

9.      Defendant Melanie Estepa ("Payroll director") an employee for Glen Cove Center, Nassau County, New York who have instigated, ordered and /or participated in the pattern and practice of retaliation against Plaintiff because of his protected activity.

10.     Defendant Erin Mcquiston ("MDS coordinator") an employee for Marquis Care Center, Nassau County, New York who have instigated, ordered and /or participated in the pattern and practice of retaliation against Plaintiff because of his protected activity.

11.     Defendant Tanya Thomas ("DNS") Director of Nursing a former employee of Marquis Care Center, Nassau County, New York.

12.     The conduct complained herein occurred in Nassau County, State of New York.

13.     This court has original Jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991,Pub. L. No. 102-166, and any related claims under New York law.

## GENERAL ALLEGATIONS

14.     Plaintiff Charles Okolie was a Licensed Practical Nurse at Marquis Care Center for Nursing and Rehabilitation, had lodge a complaint of workplace harassment to the Administrator of Marquis Care Center and former Director of Nursing Tanya Thomas. The Marquis Care Center, Tanya Thomas and the Administrator both continue to ignore and disregard any formal harassment complaints and had instead chose to engage in a campaign of retaliatory harassment against Plaintiff as further set forth below.

15.     Plaintiff Charles Okolie is a dedicated health care provider who strives to uphold the core values of a nurse, compassionate, and devoted to the wellness of those entrusted in his care.

16.     After receiving employee of the months honors 4-6-2011, Plaintiff was approached by Defendant Lori Muriel in front of the evening shift nursing supervisor "Bella" where she stated to the Plaintiff "if you want to keep your job, you better be nice to me". This was Lori Muriel way of making sexual advances. Plaintiff rejected Defendants sexual advances in which Defendant didn't take such rejection kindly and began months of harassments and termination threats ,instigating other Administrative members /owner in making working conditions for Plaintiff extremely hostile with daily intimidations, explicit verbal abuse, harassments that resulted in disciplinary actions towards Plaintiff.

17.     On 6-18-2009 during another disciplinary action by Department head, Plaintiff voiced another verbal harassment complaint to the Administrator Jerome Enella. Mr. Enella responded to the Plaintiff's complaint by saying "why are you paranoid?, I don't think that four (4) department heads are harassing you" All disciplinary actions had the same common theme of "insubordination".

18.     Plaintiff in all instances had never been given an order or instructed to do anything.  Defendant Jerome Enella and the Marquis Care Center continue to display poor representation and unfair judgment.

19.     Frustrated with the Administrators failure t take appropriate actions, Plaintiff notified 1199 S.E.I.U union representation Mr. Michael Grubb, who advised Plaintiff to lodge an official harassment complaint  to the Administrator Jerome Enella and file grievance regarding the unrelenting, constant harassment Plaintiff was subjected to while working at the Marquis Care Center.

20.     On June 18, 2009 Plaintiff submitted a formal complaint of harassment lodged towards Owner Isaac Laufer, Administrative team and Departmental Staff members.

21.     On June 22, 2009 Defendants Administrator Jerome Enella approached the Plaintiff with a request for additional information to initiate workplace harassment by management staff members / Marquis Care Center Leadership. Plaintiff replied back on 6-25-2009 with detail accounts as requested by Defendant.

22.     On 7-20-2009 Defendant Marquis Care Center, Administrator Jerome Enella, Payroll Director Melanie Estepa intimidated and forced Plaintiff without representation for Plaintiff present to withdraw formal complaint of harassment and grievance submitted on 6-23-2009 to Local Union 1199 SEIU, located at Duffy Avenue, Hicksville, N.Y. 11801 in exchange to remove 4-15-2009 oral warning for insubordination and 6-18-2009 written discipline action for unprofessional conduct "insubordination".

23.     Because Plaintiff complaints wasn't handled properly within the chain of command and attempts to resolve without reprimanding those involved  and had slowly resulted into a retaliation campaign where Plaintiff was singled out and scrutinized daily. Plaintiff was now a "sitting duck" and subject to termination at anytime regardless of the matters to come.

24.     Plaintiff lodged formal complaint of harassment to the Administrator. His workplace harassment complaint is protected under  the Title VII's anti-retaliation provision of the Fair Labor Standards Act, which prohibits retaliation based on opposition of allegedly unlawful practices, and an employer may not take adverse action against the employee for having made such complaint.

25.     Because of Plaintiffs formal complaint of workplace harassment, Defendants have taken adverse actions against Plaintiff affecting his employment, including the terms, conditions, location of his employment as outlined above. These actions have also interfered with plaintiff ability to perform his job in a productive manner and will have lasting implications on his future assignments, promotions and employment opportunities.

26.     Plaintiff was afraid and stressed to work at the Defendant place of business. The Drive to work was a nightmare and resulted in Plaintiff vomiting prior to arriving to work.

27.     Defendant's former Director of Nursing "Tanya Thomas" and Administrator Jerome Enella admitted to the Plaintiff that orders were giving by Mr. Isaac Laufer (owner of the Marquis Care Center)to terminate Plaintiff employment at anytime.

28.     Defendant Tanya Thomas rejected the idea and requested by Defendant Isaac Laufer to terminate the Plaintiff citing that he has done nothing wrong, but assisted the facility in passing the state survey and known to his peers as an excellent team player whom you could count on for assistance at anytime.

29.     Defendant Tanya Thomas did attempt to stop the harassment and the hostile working conditions created my MARQUIS CARE CENTER leadership, but that lead to her transfer out of the facility to another facility. This transfer was a shock to her and other staff members and a jolt to Administrator Jerome Enella to increase pressure in the attempt to terminate Plaintiff or risk the same faith Tanya Thomas was subjected to.

30.     Soon after Tanya Thomas was moved, Defendant Jeffery Marcus was introduced as the New Director of Nursing Services. Defendant Jeffery Marcus and the Plaintiff had worked in another facility in the past and had a brief friendly relationship then and during the times Defendant Jeffery Marcus was   a CPR instructor.

31.     Days into Jeffery Marcus introduction, he quicker continued the campaign and requested that Department Head Staff members begin to spy on Plaintiff.

32.      As a result of this campaign those Department Head Staff member the original complaint of harassment was lodged towards now continued to stalk and harass Plaintiff. Some of this encounters resulted in a full face to face confrontations and verbal abuse, insults and embarrassment by Department Head Staff including Jeffery Marcus towards Plaintiff.

33.      On 8-12-2009 Plaintiff was assigned to another unit, and without proper medication available. Plaintiff sort medication in question for two (2) patient(s) and followed proper facility protocol in asking the supervisor on duty and other nurses working the evening shift. No additional medicate was available and Patient (s) in question never had their own supply of such Narcotics. One patient the pharmacy declined to refill due to insurance matter and which Mr. Jeffery Marcus was aware of prior to Plaintiff working the unit. The second patient never had the script present to be filled.

34.      Plaintiff committed no infraction that warranted his dismissal or employment termination. This was clearly the goal of the Administrative Staff and Ownership to rid themselves of Plaintiff by any means necessary. This was also upheld by the Department of Health (DOH) in their decision not to initiate any investigation into the matter of medication error alleged by Defendant Jeffery Marcus and the MARQUIS CARE CENTER.

35.     Defendant Jeffery Marcus also stated that Plaintiff was rude and insubordinate during an internal investigation but only elected to obtain statement strictly from Administrative and Department Head Staff member whom Plaintiff had lodged complaints against.

36.     On 8-19-2009 Defendant wrongfully terminated Plaintiff employment after suspending Plaintiff for calling out sick due to emotional stress and sleepless nights Plaintiff continued to suffer after the formal complaint was lodged.  Defendant termination reasons are a pretext to hide the retaliatory motive.

37.     Defendant continued the harassment and retaliatory campaign post-employment of Plaintiff from Defendant place of business MARQUIS CARE CENTER, by calling Plaintiff current employers. See, e.g., EECO v. L. B. Foster, 123 F. 3d 746 (3d Cir. 1997), cert. denied, 66 U.S. L.W 3388 (U.S. March 2, 1998)l Ruedlinger V. Jarrett, 106 f. 3rd 212 (7th Cir. 1997)

38.     Defendant had also attempted to strip Plaintiff of his New York State Professional Nursing license by requesting an investigation from the Department of Health (DOH). After carefully evaluating Defendants complaints, the Department of Health concluded that Plaintiff did not commit any infraction and dismissed Defendants allegations. Citing "if Plaintiff didn't have the medication in question how was he suppose to provide the patient with such medication" Defendant now had exhausted all their resources after DOH decisions to not investigate.

39.     Calling of Plaintiff's current employer by Defendant was a retaliatory act designed to interfere with Plaintiffs prospects for employment and unlawful. As the Third Circuit stated, "an employer who retaliates cannot escape liability merely because the retaliation falls short of its intended result" See, e.g., EEOC v. L.B. Foster, 123 F. 3d at 754.

40.     There is a causal connection between the protected activity and the Defendant's adverse actions.

**JURY DEMAND**

Plaintiff, pursuant to Federal Rules of Civil Procedure. 38 (b), hereby demand a trial by jury of any issue triable of right by jury.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment against Defendants as follows:

1.  For injunctive relief requiring Defendants to immediately cease any and all retaliatory conduct of phone calls to Plaintiff's current place of employment

2.  For an order and judgment against Defendants for appropriate damages due to damage to Plaintiff's reputation, career and future job opportunities and / or for any other Plaintiff's pecuniary losses;

3.  For compensatory damages to compensate Plaintiff for emotional distress, family anguish, loss of enjoyment of life, and other non-pecuniary losses in amounts of $5,000,000 (five million dollars);

4.  For Plaintiff reasonable attorneys' fees and cost of court;

5.  For punitive damages in substantial, appropriate, and reasonable amounts;

6.  For such further and other relief the court deems appropriate.

DATED this 3rd day of November, 2011

CHARLES OKOLIE

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Charles Okolie**
**253 Oak Street**
**Bellmore, NY 11710**

From: **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2008-04706** | **Melissa A. Hudson,**<br>**Investigator** | **(212) 336-3782** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

_(signature)_

_Spencer H. Lewis, Jr.,_
_District Director_

8/4/11

(Date Mailed)

Enclosures(s)

cc: ~~CENTER~~
~~GLEN COVE, NY 11542~~

Enclosure with EEOC
Form 161 (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – not 12/1/10 – in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request within 6 months of this Notice. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

Enclosures(s)

cc:   **Michael Hekle**
      **One North Broadway**
      **White Plains, NY 10601**

EEOC Form 5 (5/01)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 520-2009-04706 |

**New York State Division Of Human Rights** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Mr. Charles Okolie | (516) 679-2013 | 10-21-1981 |

| Street Address | City, State and ZIP Code |
|---|---|
| 253 Oak Street, Bellmore, NY 11710 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| MARQUIS CARE CENTER | 15 - 100 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 2 Medical Plz, Attn: Isaac Laufer, Glen Cove, NY 11542 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

☒ RACE  ☒ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)*

**DATE(S) DISCRIMINATION TOOK PLACE**

Earliest: 10/02/08   Latest: 08/17-2009

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was employed by Respondent as a Licensed Practical Nurse from May 2008 until August 19, 2009 when I was unjustly terminated after months of harassments, threats, and subject to hostile working environment. Also days before my vacation was to begin 8/25/2009

I believe I was retaliated and terminated after submitting a formal complaint of harassment to the Respondent's Administrator Jerome Enelin on June 22, 2009. The complaint was lodged towards Lori Maurel *(alleged owner {Isaac Laufer} facility girlfriend)*. While I was working for the Respondent, Mrs. Lori Maurel constantly harassed, intimidated, and threatened to have me terminated if I wasn't nice to her. She created an extremely hostile work environment and demanded that her boyfriend, Mr. Laufer, have the Director of Nursing (Old-Tanya Thomas/ New-Jeffery Marcus) and Administrator (Jerome Enelin) "discipline me" which eventually led to my termination. Mr Jerome Enelin and Tanya Thomas were both afraid of Mrs. Lori Maurel and wanted to keep their job. The entire facility was intimidated by Lori Maurel due to the power giving to her by the owner (Isaac Laufer). Other department head staff members would report everything including expressing what they would like to Mrs. Lori Maurel in hope that she would pass it along to the owner -Isaac Laufer. The Administrator was first approached first by department head staff. The owner knew just about everything that was going on in the facility before the Administrator. Mrs. Lori Maurel would constantly text message the owner on his personal cell-phone during working hours, which struck fears in many staff members including ADMINISTRATIVE team.

| | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| | SIGNATURE OF COMPLAINANT |
| I declare under penalty of perjury that the above is true and correct. | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |

| Date | Charging Party Signature | |
|------|--------------------------|--|

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 520-2009-04708 |

| **New York State Division Of Human Rights** | and EEOC |
|---|---|
| State or local Agency, if any | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was advised by one of my supervisors to stay clear of the owners "female" referring to Mrs. Lori Maurel after "they" notices the extend that she would go to get anything she wanted done by him- Isaac Laufer.

I was warned by Jerry Enelia and Tanya Thomas that they were given instructions by Isaac Laufer to discipline me and even terminate me at anytime they choose.

I was told by Lori Maurel that Mr. Laufer gave her about $40,000 as part of her down-payment for a new home and whatever she wants she'll most likely get. Even showing the house off to staff member (s) during working hours and bragging that she was promised to be the next Administrator within two (2) years.

THIS FORM OF RETALIATION BY TERMINATING ME HAPPENED RIGHT AFTER THE EMPLOYER FOUND OUT THAT I WOULD BECOME THE UNION DELEGATE AND MY FORMAL COMPLAINT OF HARASSMENT 6/22/2009 towards Lori Maurel.  Mr Enelia and Melanie Estepe (Payroll director) intimidated/threatened me to sign a resolution to withdraw my formal complaint on 7/20/2009, promising to make working at the marquis a nightmare if I didn't rescind. Mr. Enelia stated to me "Do you know the Ramification of this harassment complaint? And when we're done with you, you'll know what harassment really is". When they realized that they had violated their own harassment policy, they resulted in a staff meeting and a staff hand-out on zero tolerance on any form of harassment. Again the Marquis Care Center leadership didn't abide by the harassment policy and felt as if they were above the rules. Mr. Enelia did not conduct any investigation as promised but rather began a campaign to remove me from the facility since I was a potential whistleblower (1199 union staff were cheated and forced to join agencies in order to obtain additional shifts). The resolution was typed up by the Marquis Care Center on their business letter head and without any representation I was intimidated and forced to sign it.

THE REASONS THE MARQUIS CARE CENTER GAVE FOR MY TERMINATION DOESN'T NOT MATCH MY PAST PERFORMANCE: After becoming the employee of the month in APRIL 2009 and to now labeled by the DNS (new-Jeffery Marcus who just started working on 7/8/2009) the Cancer of the facility once I went from a management position to an 1199 union member position. And by the orders of the owner to make my termination one of is primary agendas. Mr. Jeffery Marcus stated to me "why don't you just quit and make it easy on yourself and your family"

Mr. Isaac Laufer, Mrs. Lori Maurel, Mr. Marcus/Ms. Tanya Thomas and Mr. Enelia and other Management staff made working at the Marquis care Center a hostile environment by resulting to nasty games of lies, deceptions, intimidation, discrimination and interferancing with my nursing practice and would to all lengths to accomplish their goal of unjustly terminating me as a retaliation for my harassment complaint and of my 1199 union membership status.

OTHER EMPLOYEES HAVE COMMITTED WORSE INFRACTIONS AND WERE NOT PUNISHED AS HARASHLY.
(Ex/Christine Kiel LPN- multiple medication errors, and since she's a white female it was ignored numerous times)

I demand Isaac Laufer and the entire admin/management team of the Marquis Care Center be held responsible for the months of abusive harassment and retaliation I was subject to on a daily basis. I have had sleepless nights for months, headaches and stress while working at the Marquis Care Center. I was singled out and discriminated against constantly to satisfy Lori Maurel.(facility girlfriend/{companion/escort} of the owner)

This constant practice of workplace harassment, retaliation, and discrimination against, due to my race (African-American) and [illegible] and adopted by the Marquis Care Center [illegible] government adopted violates Title VII of [illegible]

| [illegible text block] | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| [illegible] fully with them in the processing of my charge in accordance with their procedures. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| I declare under penalty of perjury that the above is true and correct. | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

To Whom It May Concern:

**HARASSMENT COMPLAINT**

**Name of Complainant:**          **CHARLES OKOLIE**

**DATE (S) OF COMPLAINT:**          **4/6/2009 4/15/2009 4/16/2009 5/6/2009 6/18/2009**

**SUPERVISOR:**          **TANYA THOMAS**

**COMPLAINT MADE TO:**          **TANYA THOMAS (Director of Nursing Services)**

                                    **JEROME ENELLA (ADMINISTRATOR)**

CC: **MR. DALTON, MICHAEL GRUBB, JEROME ENELLA, TANYA THOMAS, ISSAC LAUFER**

**DETAILS OF COMPLAINT:**

As of 4/6/2009 receiving employee of the month honors and officially joining 1199 union membership, I have been harassed and threatened continuously by Department Head Staff Members (Dietician – Lori Muriel, Madison Nurse – Randi Glasgow, MDS coordinator – Erin Mcquiston, and Social worker- Sandrine Etienne). Multiple complaints of harassment has been voiced to the Director of Nursing- Tanya Thomas and the Administrator Jerome Enella and both continue to ignore and disregard any formal harassment complaints.

Tanya Thomas and Jerome Enella continue to allow this harassment to proceed without any attempts to conduct any investigation or stop those Department Head Staff Members listed above from harassing me.

On 6/18/2009 during another disciplinary action by Department head I voiced another harassment complaint to the Administrator Jerome Enella, Mr. Enella replied to my complaint by saying "why are you paranoid?" and I don't think that four(4) department heads are harassing you. All disciplinary action has the same common theme of "insubordination", and in all instances I have never been given an order or instructed to do anything that I refused to. Poor representation and unfair judgment have been displayed numerous occasions by Jerome Enella (Admin) and Tanya Thomas (DNS). This unfair and unjust practice violates my right as a union staff member.

I Charles Okolie employee of the Marquis Care Center, the Complainant, wish to lodge a complaint of Workplace Harassment and / or Discrimination. I hereby, authorize the Department Head to conduct whatever investigations are necessary to reach a satisfactory resolution to the complaint. I also, hereby agree to participate in this investigation to the best of my ability.

6/18/2009                          CHARLES OKOLIE



**MARQUIS**
**REHABILITATION** and Nursing Center

June 22, 2009

Mr. Charles Okolie, LPN
253 Oak Street
Bellmore, NY 11710

Re:    Written Letter Presented to Administrator June 22, 2009

Dear Mr. Okolie:

The Marquis Rehabilitation and Nursing Center takes allegations of all forms of harassment very seriously. I would like to start an investigation on your behalf, but I need some information to begin the process. The following information would be of assistance to initiate my investigation:

- Dates of incidents
- Time of incidents
- Witnesses present
- Type of harassment, nursing unit
- Have you ever socialized outside of work with the alleged harassers
- Did you say anything to the harasser prior to the alleged incident?
- Location of alleged harassment

Please provide the above information to me on or before July 1, 2009. In addition, we may require follow-up information related to this matter and anticipate your cooperation in this process.

MARQUIS CARE CENTER
TWO MEDICAL PLAZA
GLEN COVE, NY  11542
TEL. (516) 671-0858

If you have any questions, please feel free to contact me.

Sincerely,

Jerry Enella
Administrator

**JUNE 25, 2009**

**MARQUIS CARE CENTER**
MR. Jerry Enella
2 Medical Plaza
Glen Cove, N.Y. 11542

MARQUIS CARE CENTER
TWO MEDICAL PLAZA
GLEN COVE, NY  11542
TEL. (516) 671-0858

Re:    Administrators request for additional information to initiate workplace harassment by
         management staff members/Marquis Care Center leadership.

| | |
|---|---|
| **Dates of incidents:** | **Every single day** in the months of April starting from **4/6/2009 to 4/30/2009** (4/6/2009 – 4/9/2009 4/15/2009 –4/16/2009) |
| | **Every single day** in the month of May: starting from **5/1/2009 to 5/31/2009** |
| | **Every single day** in the month of June: starting from **6/1/2009 to 6/18/2009** (6/16/2009 – 6/18/2009) |
| **Time of incidents:** | While I was on duty (7-3 shifts and 3-11 shifts) |
| **Witnesses present:** | **Tanya Thomas** |
| | **Jerry Enella** |
| | Marquis Care Center staff members (**afraid of retaliations**) |

**Type of harassment, nursing unit:**

Verbal Harassments, Intimidation, created hostile and offensive
work environment, threats of having managements/ownership
terminate my employment, threats of calling the owner via phone
and reporting me, threats of having Administrator and Director of
Nursing write me up (Written up twice (2x)"insubordination"
towards harasser)- see attach copies of RECORD OF CORRECTIVE
WARNING, Verbal abuse, Sexual harassment (management staff
wearing provocative clothing with chest area constantly in my
face) unacceptable attire for workplace. Unreasonable interferes
with my job performance.

Broadway Nursing Unit
Madison Nursing Unit

I have never socialized outside of work with the alleged harassers

I have communicated with the alleged harassers prior to the alleged incident(s) while I was a non-union member and when workplace matter (s) warranted (while on duty)

Marquis Care Center is the location of all harassment by Management staff including Administrative team.

MARQUIS CARE CENTER
TWO MEDICAL PLAZA
GLEN COVE, NY 11542
TEL. (516) 671-0858

6/25/2008                                                CHARLES OKOLIE



I, Charles Okolie, am currently employed as a Licensed Practical Nurse at the Marquis Rehabilitation and Nursing Center. I am formally withdrawing my harassment complaint as well as my grievance submitted on June 23, 2009 to Local Union 1199 SEIU, located at Duffy Avenue, Hicksville, NY 11801.

The complaints and grievance will be withdrawn and the facility will rescind the following disciplinary actions:

April 15, 2009 oral warning for insubordination
June 18, 2009 written discipline action for unprofessional conduct
June 23, 2009 Grievance submitted to the 1199 SEIU Union

_____          7/20/09.
Charles Okolie, LPN                              Date

_____          7/20/09
Jerry Enella, Administrator                      Date

_____          7/20/07
Melanie Estepa, Witness                          Date

# 1199SEIU
## United Healthcare Workers East

**PRESIDENT**
George Gresham

**SECRETARY TREASURER**
Maria Castaneda

**EXECUTIVE VICE-PRESIDENTS**
Norma Amsterdam
Yvonne Armstrong
Angela Doyle
Mike Fadel
Aida Garcia
George Kennedy**
Steve Kramer
Patrick Lindsay
Joyce Neil
John Reid
Bruce Richard
Mike Rifkin
Neva Shillingford
Milly Silva
Estela Vazquez

**VICE-PRESIDENTS AT LARGE**
Mark Berger
Gerard Cadet
Enid Eckstein
Rickey Elliott
Pearl Granat
Vanessa Johnson
Pat Lippold
Elsie Otero
Barbara Rosenthal
Minerva Solla
Katherine Taylor
Celia Wcislo

**VICE-PRESIDENTS**
Denise Allegretti
Jacqueline Alleyne
Ronnie Babb
Carolyn Brooks
Lisa Brown
Sally Cabral
Donald Crosswell
Al Davidoff
Armeta Dixon
Jerry Fishbein
Roy Garcia
Frances Gentle
Larry Ginsburg
Marvin Hamilton
Todd Hobler*
Antonio Howell
Anne Jacobs-Moultrie
Keith Joseph
Maria Kercado
Rosa Lomuscio
Winslow Luna
Coraminita Mahr
Dalton Mayfield
Joanne McCarthy
Robert Moore*
Gerard Nordenberg
Isaac Nortey
Vasper Phillips
Bruce Popper
Rhadames Rivera
Victor Rivera
Clauvice St. Hilaire
John Seales
Rona Shapiro
Allan Sherman
Patricia Smith
Greg Speller
Clare Thompson
Kathy Tedor
Veronica Turner-Biggs
Nelson Valdez
Laurie Vallone
Mary Whitten
Fernando Wilson*
Cynthia Wolff*
Gladys Wrenick

**GENERAL COUNSEL**
Daniel J. Ratner, Esq.

**CHIEF FINANCIAL OFFICER**
Michael Cooperman

*Acting VP
**Acting Executive VP

August 21, 2009

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Charles Okolie
253 Oak Street
Bellmore, NY 11710

Dear Mr. Charles Okolie:

I received notice of your suspension from Marquis Care Center.  If you believe you have grounds to grieve this action and choose to do so, you must submit your request to me in writing within 48 hours upon receipt of this letter.

Your failure to do so will leave us no alternative but to consider the matter closed due to your lack of interest.

Sincerely,

Michael Grubb

Michael Grubb
1199 Organizer

c: Dalton Mayfield, VP

MG/jj

# Central Island Healthcare
### Nursing Office Memo

6/24/10

**From:** Jamie Reddington RN
**Re:** Phone calls regarding Charles Okolie LPN

To Whom It May Concern:

This notice is to confirm that on two occasions, since 7/7/09, I received phone calls that included inquiries regarding our staff member Mr. Charles Okolie LPN. These inquires were made by Mr. Jeff Marcus RN, DNS at the Marques Care Center in Glen Cove.

Jamie Reddington RN