
# jackson|lewis
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
One North Broadway
White Plains, New York 10601
Tel 914 328-0404
Fax 914 328-1882
www.jacksonlewis.com

ALBANY, NY • ALBUQUERQUE, NM • ATLANTA, GA • AUSTIN, TX • BALTIMORE, MD • BIRMINGHAM, AL • BOSTON, MA • CHICAGO, IL • CINCINNATI, OH • CLEVELAND, OH • DALLAS, TX • DAYTON, OH • DENVER, CO • DETROIT, MI • GRAND RAPIDS, MI • GREENVILLE, SC • HARTFORD, CT • HOUSTON, TX • INDIANAPOLIS, IN • JACKSONVILLE, FL • LAS VEGAS, NV • LONG ISLAND, NY • LOS ANGELES, CA • MEMPHIS, TN • MIAMI, FL • MILWAUKEE, WI • MINNEAPOLIS, MN • MORRISTOWN, NJ • NAPA, CA • NEW ORLEANS, LA • NEW YORK, NY • NORFOLK, VA • OMAHA, NE • ORANGE COUNTY, CA • ORLANDO, FL • OVERLAND PARK, KS • PHILADELPHIA, PA • PHOENIX, AZ • PITTSBURGH, PA • PORTLAND, OR • PORTSMOUTH, NH • PROVIDENCE, RI • RALEIGH-DURHAM, NC • RAPID CITY, SD • RICHMOND, VA • SACRAMENTO, CA • SAINT LOUIS, MO • SAN DIEGO, CA • SAN FRANCISCO, CA • SAN JUAN, PR • SEATTLE, WA • STAMFORD, CT • TAMPA, FL • WASHINGTON, DC REGION • WHITE PLAINS, NY

DIRECT DIAL (914) 514-6145
EMAIL: BAKENS@JACKSONLEWIS.COM

April 29, 2014

**VIA ECF**
The Honorable A. Kathleen Tomlinson
U.S. Magistrate Judge
U.S. District Court - Eastern District of New York
100 Federal Plaza
Central Islip, New York  11722

      Re: Charles Okolie v. Issac Laufer, et al.,
        2:11-cv-05389-JFB-AKT
        (Not ECF Case; *Pro Se* Plaintiff)

Dear Magistrate Judge Tomlinson:

  As counsel for Defendants Issac Laufer ("Laufer") and Montclair Care Center, Inc., d/b/a Marquis Rehabilitation and Nursing Center ("Marquis") (collectively referred to as "Defendants") in the above-referenced action, we received a document entitled Plaintiff's Motion To Strike Affidavit Of Michael Scarione, Grant Disqualification Of Notary Public Jeffrey Marcus, And Grant Discovery Sanctions Against Jackson Lewis Law Firm And Mr. Baken Counsel For Defendant Isaac [sic] Laufer, Montclair Care Center d/b/a Marquis Care Center For Nursing And Rehabilitation And Defendant Isaac [sic] Laufer, Montclair Care Center d/b/a Marquis Care Center For Nursing And Rehabilitation on Friday, April 25, 2014.

  In serving this motion, Plaintiff did not comply with Section III(A)(1) of Your Honor's Individual Practice Rules or with Paragraph 9 of Your Honor's April 9, 2012 Civil Conference Minute Order. Prior to serving his motion, Plaintiff did not contact defense counsel to discuss any deficiencies he perceived in the Affidavit of Michael Scarione which Defendants supplied in response to Your Honor's March 31, 2014 Memorandum and Order. Plaintiff's motion is premised on his assertion, "upon information and belief," that Mr. Scarione did not begin working for Marquis until July 2013. If Plaintiff had contacted defense counsel, he would have learned that this belief is incorrect. As discussed below, Mr. Scarione has advised defense counsel that he began working as Marquis' Administrator in September 2012.

  In response to Defendants' representation that Marquis' emergency supply box sign in/sign out records for August 2009 had been destroyed by water damage which Marquis' storage facility sustained as a result of Hurricane Sandy, Your Honor's March 31, 2014 Memorandum and Order directed Defendants to:



> [P]rovide Plaintiff and the Court with an affidavit from the appropriate custodian of the August 2009 emergency supply box sign-in/sign out records at Marquis addressing this issue. The custodian must detail when the records existed, how they were stored, what happened to them as a result of Hurricane Sandy, and what records were salvaged, if any. The affidavit must further detail any other location or medium in which the originals or copies of these records were/are kept.

In response to Your Honor's directive, Defendants produced an Affidavit from Michael Scarione, Marquis' current Administrator. Mr. Scarione's Affidavit stated that as Marquis' Administrator, he is the custodian of Marquis' emergency supply box sign in/sign out records.[1] Mr. Scarione further detailed the process through which emergency supply box sign in/sign out records are placed in cardboard computer boxes and transported to a free-standing storage facility located on Marquis' property at the end of each calendar year. Mr. Scarione explained that Hurricane Sandy caused extensive water damage to the storage facility, which resulted in the destruction of the 2009 emergency supply box sign in/sign out records Plaintiff has requested. Finally, Mr. Scarione confirmed that Marquis does not maintain electronic or paper copies of its emergency supply box sign in/sign out records, and has not stored additional copies of the records that were destroyed at any other location.

Plaintiff's motion is based on his mistaken belief that Mr. Scarione did not begin working for Marquis until July 2013. As a result, Plaintiff states Mr. Scarione does not have personal knowledge of whether the records Plaintiff requested were destroyed due to damage caused by Hurricane Sandy in October 2012. However, Plaintiff's belief that Mr. Scarione did not begin his employment with Marquis until July 2013 is incorrect. Mr. Scarione has informed defense counsel that he began working as Marquis' Administrator in September 2012. Moreover, Mr. Scarione has advised defense counsel that, as Marquis' Administrator when Hurricane Sandy struck, he has firsthand knowledge of the damage the storm caused to Marquis' storage facility.

Defense counsel Isaac Burker has discussed Plaintiff's document request with Mr. Scarione on numerous occasions. Mr. Scarione consistently has informed Mr. Burker that virtually everything which was stored in Marquis' storage facility was ruined during Hurricane Sandy due to rain water, flood water and mold, including the emergency supply box sign in/out records in question. Mr. Scarione readily agreed to provide the Court with an Affidavit confirming his explanation of what occurred and responding to the directions set forth in Your

---

[1] As Marquis' current Administrator, Mr. Scarione is the current custodian of Marquis' emergency supply box sign in/sign out records. As a result, it is unclear who Plaintiff believes would have been a better candidate to submit an Affidavit on behalf of Defendants.



The Honorable A. Kathleen Tomlinson
U.S. District Court- Eastern District of New York
April 29, 2014
Page 3

Honors' March 31, 2014 Memorandum and Order.[2] In so doing, Mr. Scarione has acted in good faith and has endeavored to assist the Court, rather than to misguide and deceive the Court as Plaintiff alleges.

Finally, Plaintiff's protests regarding Jeffrey Marcus' notarization of Mr. Scarione's Affidavit appear to reflect a mistaken understanding of the function performed by a Notary Public. As a Notary, Mr. Marcus did not review or comment on the contents of Mr. Scarione's Affidavit. Mr. Marcus' notarization of Mr. Scarione's Affidavit solely attests that Mr. Marcus witnessed Mr. Scarione sign the document. As a result, Mr. Marcus' notarization does not raise any conflict of interest.[3]

Based on the foregoing, Defendants respectfully request the Court to deny Plaintiff's motion in its entirety.

Very truly yours,

JACKSON LEWIS P.C.

Scott T. Baken
Isaac J. Burker

cc: Charles Okolie, Plaintiff *Pro Se* (Via FedEx and Email)
Christopher H. Thompson, Esq., Counsel to Defendant Lori Maurel (Via ECF)

---

[2] It is ironic that Plaintiff refuses to accept Defendants' explanation in light of Plaintiff's representations to the Court and to defense counsel that he lost numerous documents which are relevant to this case due to flooding to his home caused by Hurricane Sandy.

[3] As Mr. Marcus is not a defendant in this action, it is difficult to understand how he would qualify as an "interested party."