UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CHARLES OKOLIE,

                *Pro Se* Plaintiff,

        - against -

ISAAC LAUFER, MONTCLAIR CARE
CENTER INC, d/b/a Marquis Rehab and
Nursing Center, and LORI MAUREL,

                Defendants.

------------------------------------------------------------X

**ORDER**

CV 11-5389 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Before the Court is *Pro Se* Plaintiff Charles Okolie's ("Plaintiff") motion to (1) strike the Affidavit of Michael Scarione; (2) disqualify Notary Public Jeffrey Marcus; and (3) sanction counsel for Defendant Isaac Laufer and Montclair Care Center, Inc., the Law Firm of Jackson Lewis LLP and Attorney Scott Bakken. DE 75. Counsel for Defendants Isaac Laufer and Montclair Care Center, Inc. d/b/a Marquis Rehab and Nursing Center (collectively hereinafter, "Laufer/Marquis") oppose the motion, citing, among other things, Plaintiff's failure to comply with Local Civil Rule 37.3 and the prior Orders of this Court. DE 76.

      The instant motion stems from the Court's March 31, 2014 Memorandum and Order granting, in part, and denying, in part, Plaintiff's motion to compel discovery. DE 71. In pertinent part, Plaintiff moved to compel Laufer/Marquis to respond to Document Request No. 9, in which Plaintiff sought a copy of the Sign In/Sign Out Book for the Emergency Supply Box at Marquis from August 2009. *Id*. at 11. With respect to Document Request No. 9, the Court's March 21, 2014 Order held that:

> ...Laufer/Marquis assert that these records were destroyed during Hurricane Sandy. In light of this information, the Court is directing counsel for Laufer/Marquis to provide Plaintiff and the Court with an affidavit from the appropriate custodian of the August 2009 emergency supply box sign-in/sign out records at Marquis addressing this issue. The custodian must detail when the records existed, how they were stored, what happened to them as a result of Hurricane Sandy, and what records were salvaged, if any. The affidavit must further detail any other location or medium in which the originals or copies of these records were/are kept. The affidavit is to be produced to Plaintiff within fifteen (15) days of entry of this Order.

*Id.* at 13.

In response, Laufer/Marquis submitted the Affidavit of Michael Scarione, Administrator of Marquis. DE 17, Exhibit "2" ("Scarione Aff."). In that capacity, Scarione attested that he is "the custodian for the emergency supply box sign/sign out records which Marquis makes and maintains in the ordinary course of its business." *Id.* ¶ 1. Marquis maintains its emergency supply box sign in/sign out records on site on a calendar year basis. *Id.* ¶ 2. At the end of each calendar year, Marquis transfers the records for the completed calendar year to a "free-standing storage facility located on Marquis property." *Id*. According to Scarione, "[a]fter the emergency supply box sign in/sign out records are transferred to the storage facility located on Marquis' property, the records are stored in cardboard computer boxes which are placed on shelves within the storage facility." *Id.* ¶ 3.

During Hurricane Sandy, this storage facility sustained "excessive water damage, including water which leaked into the facility through the roof." Scarione Aff. ¶ 4. As a result, the "water damage completely destroyed the emergency supply box sign in/sign out records which were maintained in the facility for calendar year 2009." *Id*. Scarione states that "[n]o portion of emergency supply sign in/sign out records for calendar year 2009 which were

destroyed during Hurricane Sandy were salvageable." *Id.* Neither did Marquis make any copies of the original emergency supply box sign in/sign out records for calendar year 2009 in any other format. *Id.* ¶ 6. The only paper copies of the records at issue were located at the storage facility located on Marquis' property and those copies were destroyed. *Id.*

As an initial matter, the Court notes that Plaintiff's motion is procedurally defective. Under Local Civil Rule 37.3, "'[p]rior to seeking judicial resolution of a discovery or non-dispositive pretrial dispute, the attorneys for the affected parties or non-party witness shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute, in conformity with FED. R. CIV. P. 37(a)(1).'" *Stabile v. United Recovery Servs., L.P.*, No. 11 Civ. 1152, 2011 WL 6448189, at *1 (E.D.N.Y. Dec. 22, 2011). "The Federal Rule requires that a motion to compel must include 'a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.'" *Id.* Moreover, Part III.A.I of this Court's Individual Practice Rules require parties to "make a good faith effort, pursuant to Local Civil Rule 26.5,[1] to resolve disputes, including in-person contact either by telephone or in person, **before** making a motion" (emphasis in original). The Court also gave the parties these directives in the April 9, 2012 Initial Conference Minute Order, where both sides were informed that "unless they advise the Court that they have had an actual conversation with each other in an attempt to resolve the discovery dispute at issue, the motion papers will be returned to them until such time as they can

---

[1] Former Local Civil Rules of the Eastern District of New York 26.5 and 26.7, which address "Cooperation Among Counsel in Discovery," have been amended and are now found in Local Civil Rule 26.4. The Court's Individual Practice Rules, which predate this amendment, cite to the prior version found in Local Civil Rule 26.5.

certify that they have had such a working conversation (*not* merely an exchange of e-mails or letters). DE 17 ¶ 9 (emphasis in original). There is no indication in the record here that Plaintiff attempted to confer with Laufer/Marquis prior to the filing of the instant motion.

More substantively, the Court finds the Scarione Affidavit sufficient to satisfy the directives issued in the Court's March 21, 2014 Order. The affidavit explains, clearly and in detail, that the records requested were located in a storage facility which has since been destroyed due to damage sustained during Hurricane Sandy. Furthermore, the affidavit confirms that this was the only location where the records were kept, that they were stored in paper format, and that the records do not exist in any other medium. Plaintiff's assertions, "upon information and belief," that Scarione only began working for Marquis in July 2013 are not founded in fact. In his opposition, counsel for Laufer/Marquis points out that Scarione assumed his duties as the Administrator of Marquis in September 2012 - - well before Hurricane Sandy. Apart from conclusory assertions, Plaintiff has not provided the Court with any evidence that Scarione lacks first-hand knowledge of the existence of the records at issue. If Plaintiff continues to take issue with Mr. Scarione's sworn statement, Plaintiff is free to conduct a deposition of Mr. Scarione so long as Plaintiff can provide the Court with a good faith basis and some evidence to support the claim that Scarione is not a proper custodian of these records.

Next, the Court finds no basis to "disqualify" Notary Public Jeffrey Marcus, the individual who notarized the Scarione Affidavit. It appears that Plaintiff has a mistaken understanding of the duties and role of a notary public. In New York, "[e]very notary public duly qualified is hereby authorized and empowered within and throughout the state to," *inter alia*,

"take affidavits." N.Y. EXEC. LAW § 135. New York law prohibits notaries from attesting to documents in which they are interested parties under section 138, which states that:

> A notary public...who is a stockholder, director, officer or employee of a corporation *may take the acknowledgment or proof of any party to a written instrument* executed to or by such corporation, or administer an oath to any other stockholder, director, officer, employee or agent of such corporation, and such notary public may protest for non-acceptance or non-payment, bills of exchange, drafts, checks, notes and other negotiable instruments owned or held for collection by such corporation; but none of the officers above named shall take the acknowledgment or proof of a written instrument by or to a corporation of which he is a stockholder, director, officer or employee, *if such officer taking such acknowledgment or proof be a party executing such instrument, either individually or as representative of such corporation*, nor shall a notary public protest any negotiable instruments owned or held for collection by such corporation, if such notary public be individually a party to such instrument, or have a financial interest in the subject of same...

N.Y. EXEC. LAW § 138 (emphasis added). In compliance with the statute, the Marcus notarization was lawful. Notwithstanding their status as employees, Section 138 permits Marcus to notarize an affidavit sworn to by Scarione. Moreover, Marcus is not a party to this action which would render his notarization a potential violation of Section 138. *Matter of Siani v. Clark*, 23 Misc.3d 1123(a), 886 N.Y.S.2d 69, at *3 (Albany Sup. Ct. Apr. 15, 2009) ("While there may be a conflict of interest when a notary is also a party to an instrument being notarized, this Court is not aware of the application of this rule to prevent a party to a proceeding from notarizing another party's affidavit.") (internal citation omitted). Rather, under N.Y. EXEC. LAW § 135, Marcus notarized Scarione's affidavit pursuant to his New York State notary public license, which is active through November 13, 2017. Scarione Aff. at 2. The notarization executed by Marcus represents nothing more than his attestation that he witnessed Scarione sign

the document and that he knew Scarione to be the person who was actually executing the document before him.  N.Y. EXEC. LAW § 135.  Plaintiff argues that, as the Director of Nursing Services at Marquis, Marcus was the custodian of the Sign In/Sign Out emergency supply box records for August 2009 and was the "creator, author and executor of most if not ALL the documents the Defendants rely on to support its pretext."  DE 75 at 8 (emphasis in original).  As such, Plaintiff contends that Marcus possessed a financial or beneficial interest which should disqualify his notarization of the Scarione Affidavit.  *Id*. at 8-9.  Plaintiff requests that the Scarione Affidavit be stricken, that Marcus' notarization be deemed void, and that Marcus be subpoenaed or called to testify.  *Id*. at 9.

      The Court, however, finds no basis to disqualify Marcus in his capacity as a duly licensed notary public.  Marcus is not attesting to the truthfulness or accuracy of the contents of the Scarione Affidavit - - that is not his duty as a notary.  Plaintiff has not cited any specific financial or beneficial interest gained by Marcus in his acknowledgment of the Scarione Affidavit.  Moreover, Plaintiff provides no authority for the proposition that mere co-employment with the affiant Scarione should serve as a basis for striking the affidavit.  *See Alfieri v. Guild Times Pension Plan*, 446 F.Supp. 2d 99, 111-112 (E.D.N.Y. Aug. 3, 2006) (dismissing as "far-fetched and totally speculative" plaintiff's assertion that the notarization of the decedent's pension plan election document by his co-worker made the notary an interested party to the document); *Cf. Brodsky v. Board of Managers of Dag Hammarskjold Tower Condominium*, 1 Misc.3d 591, 596, 765 N.Y.S.2d 227 (N.Y. Co. Sup. Ct. Aug. 27, 2003) (explaining that "[i]t has generally been held that an acknowledgment before a party to the instrument is a nullity" and more broadly that a "notary may not act in a matter where he or she is a party or is directly and pecuniarily

6

interested in the transaction") (internal citations omitted); *Sumkins v. Hummonds*, 17 Misc.2d 1006, 1009 (Nassau Co. Dist. Ct. Aug. 17, 1998) (nullifying an affidavit of service executed by the petitioner/landlord "who is a party to the proceeding and has a direct pecuniary interest therein, which is and/or should be prohibited as a matter of public policy"). Here, apart from conclusory assertions, Plaintiff has not established that Marcus received any pecuniary remuneration or personal benefit from his mere notarization of the affidavit in question. In addition, the Court finds no merit to Plaintiff's claim that Marcus' previous role as the custodian of the emergency supply box records in August 2009 makes him a conflicted party with regard to the affidavit. First, Plaintiff's allegation is unsupported by any evidence. Second, even if Marcus *was* the custodian in August 2009, Scarione was the actual custodian of the records during Hurricane Sandy - - the sole period at issue before this Court. Accordingly, the Court finds the allegation against Marcus to be without merit.

Finally, in light of the Court's finding that the affidavit submitted by Scarione complies with the New York Executive Law provisions, the Court finds unpersuasive Plaintiff's argument that counsel for Laufer/Marquis should be sanctioned under Rule 37 for the submission of an allegedly false affidavit. Similar to his allegation concerning the actual affidavit, Plaintiff's arguments here against counsel are conclusory and unsupported. As such, the Court DENIES Plaintiff's request for sanctions against counsel for Defendants Laufer and Marquis.

For the foregoing reasons, Plaintiff's motion [DE 75] is DENIED. Counsel for Laufer/Marquis is directed to serve a copy of this Order on the *Pro Se* Plaintiff forthwith via overnight mail and first-class mail and to file proof of service on ECF.

**SO ORDERED**.

Dated: Central Islip, New York
       June 6, 2014

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge